424-0049 Wright v. Illinois DCFS Mark Smith For the appellant, Mr. Moe, you are he? Yes, Your Honor Okay, and for the appellee, Mr. Jokic, you are he? Yes Okay, then Mr. Moe, on behalf of the appellant, you may proceed, sir Good afternoon, Your Honors, and may it please the court Yes Assistant Attorney General Alex Moe, on behalf of the Department of Children & Family Services and its director, now Heidi Miller Yes He exposed her breasts, made sexual comments, and tried to convince her to remain quiet. She did not, and instead reported the abuse. The department properly indicated Wright for sexual exploitation of a minor. This court should reverse the circuit court's contrary judgment and reinstate the department's indicated finding. First, this case is somewhat fact-intensive. I have some questions about it. As I recall, Mr. Wright had been working at Manual High School for many years, had he not? Yes, Your Honor And as testimony has it, there apparently are cameras in the hallways at Manual High School? Yes, Your Honor And in fact, in this hallway where this incident is alleged to have occurred, there were cameras on some portion of the stairway, but not on others, is that right? The stairwell itself was not covered by any cameras I'm sorry, the stairwell was not covered by cameras, the hallways were Okay, are the cameras something that as one would walk around, you would notice are visible, was the record showing? There's no evidence in the record either way on that, Your Honor What we do know is that Wright knew the location of the cameras, and he was aware that the stairwell was the only location in the school without a camera on it Where is that in this record? Your Honor, that's present in two locations First, when the child protection investigator first interviewed Wright, I believe this was in September of 2022 She took notes as to their conversation, including an exchange where she asked him his knowledge of the cameras and he responded I also believe that Mr. Wright's counsel asked him that question at the hearing I don't know off the top of my head, Your Honor But we do know that the investigator asked him that question in the course of her interview with him during the stages of the investigation So, your representations are Wright said he knew there were cameras in the hallways, but not in the stairwell It's unclear, Your Honor We do know that Wright was aware that there were cameras We don't know specifically his level of knowledge about the placement of the cameras Or, as Your Honor suggested, whether one would be able to see them walking around or know the scope of their vision Well, it seems to me that's a pretty important point, isn't it? Whatever doubts one might have about whether this event occurred, it seems to me to be pretty unlikely that some teacher would do what Wright is charged with doing if he knew that there are cameras recording everyone's activities I agree, Your Honor, and the ALJ did discuss what was visible on the cameras, as well as the fact that the incident itself was not visible on the cameras Well, but it seems to me, again, this is your burden of proof, is it not? to establish that what happened has happened and it should be an indicated finding, isn't that correct? Yes, Your Honor Isn't this an important thing for you to establish, that Wright knew that the stairwell had no cameras? It would certainly support a finding that Wright was aware of what he was doing and specifically guided E.B. towards that stairwell I agree, Your Honor. That being said, this evidence and other evidence was presented to the ALJ and she was able to render findings of fact based both on what the cameras saw and what they did not as well as the other evidence presented at hearing in this case The ALJ was able to use the footage that we do have to assess credibility of both Wright and E.B.'s narratives by examining what they did and what their body language was And I agree with Your Honor that at the administrative hearing, the burden is on DCFS by a preponderance to show that the underlying conduct did occur and that it did meet the allegation of harm That being said, the ALJ did make those findings And so on review, the question for this Court is whether those findings are against the manifest weight of the evidence Well, I'm just, again, I continue to be troubled by this whole stairwell thing How is it that DCFS didn't pursue or ask or get him on record since he was answering questions to say, did you know that there were no cameras in the stairwell? Because if the issue is uncertain, it seems to me to be really very difficult to believe that he would perform these actions in an area where he knew it was being recorded That would be hard to believe, wouldn't it? I agree, Your Honor Okay, and so therefore, let's make clear for the record that he knew there was no recording in the stairwell and therefore he did it But that's unclear in this record, right? I agree, Your Honor It would have been helpful if someone would have asked that specific question Unfortunately, I'm not privy to the specific reasoning underlying the questioning of Wright by either his attorney or the Department's attorney but the record does contain sufficient other evidence to support the Department's finding But none of the other evidence includes the testimony of the alleged victim, does it? I'm sorry, Your Honor? It doesn't include testimony of the victim. She never testified at this hearing? Correct, Your Honor. Evie herself didn't testify but we do have her narrative presented in a number of different forms This speaks to the second point that Wright has raised both in the circuit court and before this court as to whether it was I'm sorry, before you move on, I want to follow up from Justice Steigman's question You mentioned Wright's interview with Johnson and I guess I want to clarify During that interview, didn't Evie indicate that he only knew that there was no camera in the stairwell when he asked for the footage of the alleged incident? So I want to be careful here because a moment ago it sounded to me as if you were suggesting that Johnson interviewed Wright and he acknowledged, yeah, I've always known that there are cameras in the no security camera in that stairwell So I just want to clarify If it was he always knew or if he indicated he learned about it after he made the request for the footage? Your Honor's clarification is a good one and I do not recall in this moment the specific language that was used in that interview What we do know is that Johnson wrote her notes down as a summary of her conversation with Wright rather than verbatim Thank you Would you agree, Counsel, that absent the hearsay evidence of the victim, the alleged victim that you would have no way to make this case? I would agree with that, Your Honor And does not the Administrative Procedure Act apply to this case? It does, Your Honor And so how can the agency adopt rules allowing hearsay when the Administrative Procedure Act says that the rules of evidence will apply? In a couple different ways, Your Honor First, and I think it must be acknowledged that the Department has promulgated a rule Which it can't do in contravention of the statute, correct? I would agree with that, Your Honor I do note that the Administrative Review Law does provide that the rules of evidence in administrative proceedings may be relaxed and that when it comes specifically to questions relating to the admissibility of evidence in addition to whatever normal burden a plaintiff must prove We're not talking about administrative review at the time We're talking about within the initial administrative procedures before the agency and there the Administrative Procedure Act applies and says that the civil rules, the normal civil rules of evidence, are applicable That makes a rule allowing hearsay suspect Your Honor, in this particular situation there is no dispute that the general rules of evidence were applicable The Department has within its authority the power to permit the admission of hearsay evidence relating to the minor child's testimony of abuse or neglect This is something that we see in a variety of other contexts For example, juvenile delinquency cases, family law cases involving child custody To the extent this comes up as a confrontation clause issue the law certainly acknowledges that when we're talking about a victim when we're talking about a minor it is permissible to have that evidence introduced in a manner that might not be appropriate if we're talking about two adults in a breach of contract case, for example But I think a more... What's the source of that authority? I'm sorry, Your Honor The source of that authority? That you said that they have the right to not follow the rules of evidence but to allow hearsay evidence from a minor Your Honor, the Department's rule explicitly authorizes it I intersect, but the Department couldn't say well, instead of preponderance, we're just going to have probable cause as our standard Couldn't do that because that would be contrary to the statute How can the rule... How can the administrative rule contradict statutory requirement? Your Honor, I... I will admit I do not have a statutory citation within the APA for you I would note this is not an issue that was presented by the parties or raised in any format but I do understand the gravity of Your Honor's question Is there an issue raised that this is hearsay and not appropriate? That it was hearsay, yes, Your Honor but not at the administrative level With respect to the question about the interaction between this specific rule and the Administrative Procedure Act that is not something that has been presented by this But you understand the issues here we can't put blinders on and not look at relevant law Of course, Your Honor And I think the foundational issue with most of the arguments relating to hearsay here come back to forfeiture If Wright had raised these issues in the administrative proceedings as a motion in limine as an objection at the time the testimony was sought to be introduced then the parties could have discussed these issues The objection could have been ruled on by the judge Offers of proof could have been made if necessary Other evidence could have been introduced if appropriate Fundamentally, the reason why these issues were never aired is because the objection was never made With respect to the hearsay issue this results in double forfeiture There were no objections made at the time the evidence was sought to be introduced and separate and apart from someone specifically saying for example, objection hearsay the theories that Wright has advanced on appeal relating to due process and the admissibility of this evidence were never flagged at any point during the administrative proceedings Well, I think objection hearsay has to do with admission Yes, Your Honor I think you may be painting a little too broadly to say there's no objection to admission That's what that is Certainly, Your Honor At no point below did Wright object to either the investigator, Investigator Johnson or Detective Aguilar testifying as to what E.B. had said and done The only objection that was lodged to the admission of evidence was to the department's investigative file and the specific exchange in the transcript makes clear that Wright's counsel's concern was that the investigative file contained references to other evidence prior, not indicated findings and the ALJ said in substance of course, that's not admissible she wouldn't consider it and counsel agreed that that was the basis for the objection so there was an objection to the investigative file but it was not as to E.B.'s testimony it was not on hearsay grounds there was no due process argument raised and if these issues had been raised before DCFS DCFS would have had the ability it would have been on notice that these were issues it could have presented additional evidence it could have raised the issue of for example, an emotion of its own there's any number of things that the department could have done in response to these concerns being aired at the appropriate time but that didn't happen Well, if it's an objection to hearsay based upon people testifying about E.B.'s testimony other than calling E.B. herself what are you going to do? We don't know, Your Honor because that question was never posed we do know though that E.B.'s interview E.B.'s interview with Detective Aguilar was recorded and the investigator testified that DCFS doesn't normally get a copy of that interview for example, if it was known that the objection was founded on the absence of E.B. the department could have attempted to introduce that recording itself which would still be hearsay Yes, Your Honor but to the extent that this court is concerned about the manner in which the ALJ was able to evaluate demeanor for example having that tape would be different from having written records Ultimately, we don't really know what the department could have done because no one asked it at that time We don't know how the trial would have proceeded if these issues had been raised and in the department's opening brief we referenced a Rule 23 decision Munoz v. DCFS issued last August by the court's colleagues up in Chicago It's a Rule 23 so it is certainly not binding but it is persuasive and on this particular point the Munoz court discussed an almost identical fact pattern There, the subject of an indicated report raised an objection grounded in due process and hearsay to the admission of evidence and there the specific issue was the admission of the tape of the interview and the subject complained that the two minors at issue in that case were not available for cross-examination The court firmly rejected the argument holding that because the subject had taken no steps to secure the witnesses he could then not complain about the witnesses being absent Ultimately, Your Honors with respect to DCFS's underlying burden to show that the conduct occurred as alleged there was sufficient evidence Doesn't the record reflect that neither party could realistically have gotten the complaining witnesses' appearance? That's what the DCFS attorney speculated but we don't know because no one tried The department has administrative rules that authorize the ALJ to issue a subpoena and when testimony sought is the testimony of a minor child or of the victim there are additional rules that kick in to allow the ALJ to balance the request for that testimony with the victim's interest in not having to face their abuser in court There are administrative procedures that govern this sort of thing We don't know what the outcome would have been because they weren't triggered Specifically with respect to the concern that Evie had joined the military we don't know what the outcome of an attempt to secure her testimony would have been because, again, Wright did not make it It's possible that the Army would have said she's not Neither party made it Correct, Your Honor Including the party with the burden of proof Yes, Your Honor But in this respect, the department relied upon its rule that authorized the admission of these statements and separately, the department has rules I believe it's Subsection B-7 but I'm not entirely sure that authorized the admission of its investigative file So here we have multiple coverage in the department's rules that authorize it to proceed on the evidence that it presented To the extent Wright challenges this admission of evidence as an evidentiary issue that's subject to review under an abuse of discretion standard and it is certainly not an abuse of discretion for the department to have put on its case with evidence that the rules specifically contemplated and that no party objected to at the time of the hearing But to the extent this court should view that through a due process lens setting aside the forfeiture the due process argument with respect to the evidence fails at the outset Initially, Wright cannot show prejudice from the admission of this evidence In this respect, Wright's primary argument appears to be that because E.B. had turned 18 and enlisted she was unavailable at the time of hearing The problem is, without any attempt to secure her testimony we don't know whether either of those two facts changed the ultimate result Because in the context of a due process claim the burden is on the proponent of the due process claim to provide evidence to support that claim So the burden would have been on Wright to show prejudice in this record He did not attempt to secure the attendance of the witnesses He did not even raise this as an objection to permit the department to, for example secure the attendance of witnesses And without that attempt, without that prejudice there can be no due process violation stemming from it Is the Julie Q case helpful and instructive on the issue before us? I'm sorry, Your Honor? The Julie Q case from the Second District? I'm familiar with the Julie Q case not in the context of the matters at issue here I apologize for that, Your Honor Well, that was a case where they deemed hearsay to be improperly admitted and discussed why Yes, Your Honor If I'm not mistaken the issue in Julie Q was preserved and so there was an appropriate objection raised before the department that permitted that issue to be raised on appeal Well, you know, this whole business of forfeiture and whether it's preserved or not is kind of in the eye of the beholder and even if there's a question about whether it was forfeited it doesn't stop us from addressing our merits particularly when it's here there seem to be problems with DCFS's case namely, as a for instance EB's statements hearsay statements appear to be inconsistent with each other which suggests, to us at least that there's some problems here if that's the entire basis of what this case is all about in contrast, the right appears and testifies and denies it all Your Honor's question contained multitudes to address the first part of that correct, thank you hearsay, I'm sorry forfeiture is of course a limitation on the parties and not the courts and I understand the court's point with respect to the interest of justice that said, there is a fairly strong threat of the case law that we highlight in both the opening and reply briefs that suggests that when forfeiture has resulted in a party being unable to address the concern whatever that concern may have been before the original trial court or administrative agency forfeiture is particularly appropriate I wonder if Mr. Daugherty's point is a good one that he made earlier on his objection to hearsay I'm not sure what else you have to say the proponent of that evidence can argue it's not hearsay but it seems to be clearly it was or provide some alternative or present other evidence I agree, Your Honor and no one made that objection before the administrative agency and it's well established that when so if we view this record as having that been established that Wright made it clear that he was objecting to hearsay you lose is that your position because nothing else is here no, Your Honor I would not agree with that conclusion and I think then explain it I think one of the main issues is we simply don't know what would have come out as a result of that if the objection had been raised and if the ALJ had been permitted to rule on it we might then have something different to review if there were additional factual findings well, I mean isn't the only other thing you can have is the testimony of E.B. herself in person which is frankly what I would expect to have always when you're bringing a case like this very serious consequences to an indicated finding of someone who's a teacher and yet we don't have E.B.'s own testimony we have someone's testimony about what he she told that person we don't even have a recording of it how come? I agree, Your Honor E.B.'s testimony would certainly have been another additional piece of evidence in this case if she had presented it in person but we simply don't know what alternative steps the department would have been able to take had this issue been raised well your time's up but I just want to ask this other question other than having E.B. herself testify what other alternatives could you take in the face of a well-stated hearsay objection? the initially E.B. had an interview which we know a recording existed though the department didn't get it there's also certain excuse me she had an interview with whom? Detective Aguilar, Your Honor in the Child Advocacy Center aside from the recording of that interview there's certainly the possibility that other evidence could have been adduced as hearsay exceptions for example with respect to state of mind not necessarily for the truth of what the parties said but for their body language their reactions we simply don't know what additional testimony the department might have sought to introduce thank you for your response you'll have an opportunity to address this together with both thank you, Your Honors Mr. Yarkich is the reference correctly? I'm sorry did I pronounce your name correctly?  you did you may proceed, Counsel I don't need to do one I'm turning up the volume on my hearing aids oh, okay so just give me a second to do that so that I can make sure I respond okay may it please the Court Come, sir my name is Steve Yarkich and I represent the advocate in this case Mr. Sean Rice well I think there are a couple of important facts that give context to the evidentiary problems in this case that the panel has asked questions about one is that the ALJ found that this was a close case and I think that's a very important finding when you're looking at a dispute over a piece of evidence in the case whether it should have come in or not a second important point is that if you step back and look at this case from a 30,000 foot level we're talking about an interaction that took 6 or 7 seconds that's all the time that elapsed on the video while Mr. Wright and EB were out of view and in that 6 or 7 seconds the allegation is that misconduct occurred which pretty much had the potential to destroy the reputation and employment of somebody who'd been at the high school for 20 years and somebody who'd been repeatedly commended for their work at the high school with special needs students and when you take into account both of those factors I think that when you go to the issue of what impact did the admission of the hearsay in this case have, you have to bring an extra careful scrutiny to that impact Well, quick question the first question I raised to Mr. Moe is is there any evidence in this record that shows that before being interviewed about the matter Wright knew that their sterile world was not subject to video surveillance? I don't think there is, Your Honor I mean, I think he knew that 7 months after the incident So he learned that and he said that's when he knew it? You know, it's not clear in the transcript Let me restate it Is there any affirmative evidence to the effect that Wright knew the sterile world was not being... I don't think there is, Your Honor It seems to me as I explained to Mr. Moe, this is an important point It's hard to believe someone who knows that the sterile world is being subject to video surveillance would engage in this kind of behavior he's allegedly engaged in and this strikes me as one more serious failure by DCFS to establish its case. I think that's right, Your Honor I think that's a dead-on point. The other point that's related to that is that there were people on the other sides of the doors during the time this incident allegedly occurred and DCFS never made any attempt to identify or interview those people The second question is you heard a lot of discussion about it Mr. Moe isn't contesting that the testimony of E.V. wasn't hearsay, but he's raising questions about whether he preserved that objection, whether he was raised to trial Were you trial counsel? I was head trial counsel Then you can't answer personally, but based on this record has Wright preserved that issue? Where are we in this record? To be 100% honest with the court, which I always try to be I think it could have been better preserved than it was More clearly preserved Yes, I do think that trial counsel objected to the report, the investigative file coming in, and the file contained all of the hearsay statements Whether he should have objected on a line-by-line basis Witness-by-witness? Witness-by-witness basis What about your practice? I was in a DCFS hearing yesterday and the judge was very angry with me because I objected every single time that an objection was called for, but I felt obligated based upon what happened in this case to make those objections Good for you in that case, counsel But I do think I do think if you get to the point of the analysis where you say, okay, what if he had made an objection on a timely basis? What would have happened? I don't think Mr. Moe has a good answer for the way the department could have fixed things If you think about the dynamics of a hearing, you're in a hearing the police officer says EB told me to have objection, your honor, hearsay Overruled We have a departmental rule that allows us to have hearsay in That's the most likely thing Contrary to the statute, as Justice Dahl reports out I understand We'll let that hang for a while The judge is going to go by the rule of the department that she's employed by What does the department do? Does the department then go out and find EB? I don't think so If you look at the transcripts of the proceedings of this case in the very first pre-file transcript the lawyer for DCFS says Your honor, this is unusual, but the victim in this case turned 18. She's in the army I really have no realistic hopes of actually obtaining her testimony That goes to the question I asked Mr. Moen, I'll give you an answer Switching sides, were you the AG in this case, objection sustained, what evidence could you obtain to overcome that and present some direct evidence that would be admissible? I think that switching sides, this is not a case I would break because there is no other evidence besides the statements of the EB Now I would say I will say that you know my boss said to me You present this case, you figure out a way to do it Do your best I would try immediately to get a continuance to bring in the video examination that the police did but my response to that would be, boy oh boy I think that should have been part of the department's case in the very first instance because I think the department has an obligation to take a look at the justice of the total situation and to say when we go after people we're going to go after them on the basis of evidence that is we're going to find the most probative evidence we can find and so I think the failure of the department to make sure that they did that before this case even started is really fatal of the claim that they could have picked something else out on the fly. I hate to jump past what I know are a number of arguments but I do want to ask you before we leave about the relief that you think you'd be entitled to on different issues so if you succeed in saying that there was evidence improperly admitted isn't the remedy for that normally retrial? You know outside of the criminal situation where there would be double jeopardy I think that would normally be the case. And when you make an argument on the manifest weight of the evidence, don't we consider not just the properly admitted evidence but all the evidence that was admitted in determining whether manifest weight is satisfied? I don't I think the fruit of the poisonous tree applies both in civil and criminal proceedings. But then we have never had a fact finder who just weighed the proper evidence. So I there are cases where you could look at them and say the hearsay was really important in the case but we can't tell how important it was. That's a question of prejudice. That's not a question of whether manifest weight is satisfied. I think there's case law that tells us that we're supposed to consider all of the evidence whether properly or improperly admitted in answering that question. Well I think, again being 100% honest with the court I don't know that case law I would say that if you've got evidence that was improperly admitted you can't consider that in making the decision about manifest weight. And then finally if you think that there was a due process violation, what's the remedy? Well in a in a case where it would be possible to bring in the evidence I would say that in the normal case you would send it back for a hearing on things. I think in this case as the as the attorney for DCFS noted the alleged victim is now an adult. There's really no value to prosecuting the case. You don't think there's value if a teacher's working who's found a sexually abusive student? I think the teacher's retired. Okay. And so that leaves me to say that in this case. But there's no mootness argument from anybody. You know if there was a I don't think there's a mootness argument. If there were, I would have made it. Because there are other consequences that attest to an indicated violence. While we know if there were a retrial we might have the victim testify. We just don't know. We honestly do not know that. I think we can say that that had an objection been made and been sustained that the department would have been unable to carry its burden. At that moment in time because they didn't have additional evidence ready to go. But I think it's now I think this happened in 2021 and 2022. That's right. It's now three years down the road. I would say I think that there's a real issue in terms of will anybody remember anything? But that's an issue you have every time that you renew the case for fact finding. I would say that I don't think you should rename this case. Because I think the department blatantly violated the statute and its rules which require it to have a good cause to extend the time of the investigation period. Counsel, if I can ask you about that. With regards to section 7.12 would you agree it does not contain any language that prohibits DCFS from continuing with its proceedings even if it fails to complete the investigation within the time language or within the time allotted? I would agree with the fact that it doesn't contain any language. And it doesn't contemplate any sanctions when DCFS fails to comply with that time requirement, correct? I'm not sure about that. If you look at this case, what happened during the time period in question? The witness went into the Army, possibly left the jurisdiction, possibly is not subject to an administrative subpoena. And so I guess I would say that in this particular case and in other cases that I can think of, the purpose of the 60 day requirement is to make sure the department proceeds quickly. And that's completely eviscerated if you can let the department receive an unlimited number of extensions where all it does is say, we want an extension, which is what happened in this case in which we detail in our brief. And so, I'm not so sure that you can say that there should be no consequences if the department delays. No, I'm just saying that there's none in the statute. There's none in the statute. I agree with that, Your Honor. But I do think that the purpose of this I mean, the requirement that the department proceed with dispatch has two purposes. One is to make sure that if they're right they take the appropriate action. But the other purpose is to make sure that when the case is tried if there is a case that you get accurate testimony because everything is still fresh in the minds of the people that testify in the case. And that that's completely eviscerated by the idea that they can just give themselves an unlimited number of extensions for whatever reason they ask for. And that's a priority in this case. Reverse the DCFS final administration or administrative decision. What happened then? Was Wright then able to go back to his position pending appeal? Yes, he did go back to his job. And then after I think, if I'm not mistaken, he went back to his job We got the decision in December or January of 2023 or 2024 I think he'd work for the rest of the semester and then retire. How old is he? Old enough to be tier one but I can't, he's in his late 50s I think. Well, because you know, it's not part of the record but it's just interest that he's retired but that doesn't really matter because there's nothing stopping him from seeking employment again with other schools under different circumstances. I suppose that's true. I mean, you know, I've had a couple of I can say to the court on my oath as an attorney, I've had a couple of conversations with him and he doesn't seem to have the intent to go back to work. But if he wins this appeal, then maybe he'd say, oh, now I'm free. That's possible. So, I'd like to return back to the timeliness argument because I think if you look at the Stoll case, in the Stoll case there was a delay of 30 days past the statutory timeline and here we're talking several months, six to seven months, during which the department gave themselves the extensions. And, you know, as we were setting the brief, really there was nothing in what the department did even attempt to show that there was good cause except for we didn't finish. There wasn't even a statement in the good cause statements that said we're really busy. It's just that the statements were we haven't finished doing our work yet and that was repeated month after month after month. And I think that just as in the Stoll case, you have the right to look at that and say that invalidates the whole proceeding because there's really been a gross deviation from the standard in the statute and the standard in their own rule. And that was the result of that case and I think that this case is an even more persuasive... But Counsel, wasn't the reversal in Stoll premised on a violation of the teacher's due process rights because of the delay and not because the delay deprived ECFS and jurisdiction? Well, I think the court equivocated on that. And you know, the phraseology that it used was that there had been a gross deviation from its rule. And again, the phraseology was due process, but the court was clearly thought that it had the ability to look at the issue, that it had the ability to reverse on the issue, and that it had the ability to do that even though it hadn't been raised below. And that's why I think it's good precedent for this case. You know, I was going to in my argument to get a little homily on why we have hearsay rules, but I don't think I need to do that for the court. I think the court appreciates that. I think in a close case, those rules are really important and they're important as a matter of due process. And I don't think that there's... You know, in Illinois the cases are very clear that in the normal course, hearsay is not admitted in administrative proceedings. You know, the Department of Children and Family Services has their rule which allows them to do it. And I can see a lot of cases where it might be appropriate to do that, especially if there's other cooperating evidence for the incident in question. But whereas in this case, there isn't any cooperating evidence that the misconduct occurred except for the hearsay statements of the individual, and there are variations in the hearsay statements that are enough to cause some doubt about what actually happened. And especially where the judge says it's a close case and he can't come up with a reason why the alleged victim would make the accusation, which essentially turns around the case because it really forces the individual to prove why he's innocent as opposed to the department to prove why he's that innocent. I really think that as a matter of due process, the indicated finding should be reversed. And unless the court's got any other questions, I'll sit down. Thank you for your argument, counsel. Thank you. Mr. Morrow, I'm the editor of The Appellant. Any rebuttals, sir? Yes, Your Honor. You may proceed. Thank you, Your Honors. As an initial point, and to follow up on Justice Leinart's question, I agree that the note at page 133 of the record does not make clear exactly when Wright learned of the camera coverage in the high school. That note states that Wright had stated that he was aware the sterile well had a camera and learned that the sterile was the only one in the school after he asked for the footage. It would suggest that that was after the incident itself. Well, that's the... That was when he requested the video in the sterile well and was told there wasn't any because it wasn't colored. Wasn't that the sequence? Yes, Your Honor. We don't know more information beyond that because no one asked that question. But what we do have, Your Honor, is... Why isn't that a really critical fact of counsel? I mean, just the point of view, we've all been trial lawyers here in our prior lifetimes and it seems to me that that's a very important factor in trying to meet your burden of proof in this case. To establish that he knew that he went to the sterile well and he did these misdeeds, engaged in this misconduct with this young female student knowing he wasn't going to be seen. And without establishing that he knew it wasn't going to be recorded, it seems to me it's almost inexplicable if he knew there was video recording going on generally, that he would engage in this behavior without knowing that this is going to be an exception to the recording in general. Your Honor's point is well taken and I would note that Wright's counsel could have asked him about the state of his knowledge of the cameras but didn't. Ultimately, what the department had before it was the evidence that was admitted and to follow up on the specific questions the court had asked Mr. Jokic, I would draw the court's attention to page 289 of the record. That is specifically where the ALJ asks Wright's counsel if he had any other objections to the investigative file beyond the references to the prior unfounded findings. And he said, and I quote, that's the only one. So to whatever extent the court might be inclined to read an objection generously, there was no objection to E.B.'s testimony. And in Mr. Jokic's comments, the court heard a lot of speculation about what might have happened or what could have happened. The problem here is we don't know what would have happened because no one asked. Well, but as we've discussed, forfeiture is a limitation on the parties. It seems to me a fair argument can be made that in a case where the hearsay evidence is a sine qua non, you could not have a case without this hearsay evidence unless you brought the witness in. And where had an objection been made, it would have run right into the department's rule. Are we binding ourselves to the realities of the case? Why would we not look at whether that was a proper process, regardless of whether the specific objection was made? Why should we not relax the rules of forfeiture knowing the likelihood is the department's rule would have carried the day anyway? Well, Your Honor, we don't know what would have happened. As Justice Feigman noted, we've all been trial counsel and we know that there are very creative trial attorneys out there. To the extent the court would wish to engage with the substance    other evidence that could have been used to make that argument. We just don't know. I would also note that with respect to introduction of evidence and just briefly on the point with respect to timing, the record does tell us that there were other communications that didn't make it into the investigator's notes. For example, she had phone calls with the detective, she was in communication with the school. So, to whatever extent the court would wish to engage with the substance of Mr. Wright's due process argument with respect to the timing, once again, we know there is other evidence that could have been presented had that issue been called. Well, that's a good question. Following up on the, good point, following up on Justice Daugherty's question, if we were to take this case and conclude the hearsay was improperly considered and that was essentially the basis of this case, is this, would that call for just a simple affirmance of the trial court's decision, or should we remand to give DCFS another opportunity to present a case based on sound evidence? The court has it within its power to remand and if the court concludes that the admission of evidence was improper, then I do believe that would be appropriate. That being said, Your Honor, I don't believe that's necessary. I see my time has expired, and I thank the court for its time today. Thank you counsel, both of you, and the court will take this matter under a vote to stand in recess.